# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**ANTHONY MOORE,**
          **Petitioner,**

                                       **Civil Action No. 2:05cv244**

**v.**                              **Criminal Action No. 2:02cr225**

**UNITED STATES OF AMERICA.**

## OPINION AND ORDER

Currently before the court are Anthony Moore's motion to alter or amend judgment, filed pursuant to Federal Rule of Civil Procedure 59(e), and Moore's motion to amend his Rule 59(e) motion.  On January 20, 2006, this court entered an Order denying petitioner's motion for post-conviction relief filed pursuant to Title 28, United States Code, Section 2255.  Petitioner's § 2255 motion alleged that his guilty plea was involuntary based on governmental misconduct, that he received ineffective assistance of counsel, and that his sentence was unconstitutionally enhanced based on factors not found by a jury.  For the reasons set forth herein, petitioner's motions to alter or amend the court's prior judgment denying petitioner § 2255 relief are **DENIED**.

The factual and procedural background leading up to petitioner's § 2255 motion are fully detailed in the court's January 20, 2006 Order and need not be reiterated here.  Subsequent to the denial of petitioner's § 2255 motion, petitioner filed his Rule 59(e) motion on February 6, 2006, and a motion to amend his rule 59(e) motion on February 8, 2006.  Because petitioner is incarcerated and placed both motions into the prison's internal mail system prior to the expiration of Rule 59(e)'s ten-day limitations period, both motions were timely filed.  Houston v. Lack, 487 U.S. 266, 274-77 (1988).

Motions filed pursuant to Rule 59(e) seeking an amended judgment are disfavored and should only be granted in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to "rehash" arguments previously presented or to submit evidence which should have been previously submitted. Id. at 1082; Rouse v. Nielsen, 851 F. Supp. 717, 734 (D.S.C. 1994); see Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977) (stating that Rule 59(e) is not intended to give "an unhappy litigant one additional chance to sway the judge"). Likewise, petitioners are barred from asserting new grounds for relief in Rule 59(e) motions as permitting such would effectively "evade the bar against . . . litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)); see 28 U.S.C. § 2255 ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals."). Rather, "[t]he purpose of a Rule 59(e) motion is to 'allow the court to reevaluate the basis for its decision.'" Rouse, 851 F. Supp. at 734 (quoting Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

After considering both motions filed by petitioner, the court finds that petitioner is merely unhappy with the court's January 20, 2006 ruling and seeks to rehash the same arguments previously presented or advance new arguments that are barred as successive under 28 U.S.C. § 2255. Petitioner's motions fail to establish an intervening change in law, new evidence not previously available, or a clear error of law or manifest injustice. Hutchinson, 994 F.2d at 1081. However, keeping with the policy behind Rule 59(e) that allows the court to reevaluate the basis

2

for its decision, the court has carefully reviewed its prior Order and will briefly comment on select arguments advanced in the motions presently before the court.

Although the court declines to respond to petitioner's lengthy argument rehashing petitioner's ineffective assistance of counsel claim, the court notes that petitioner alleges: (1) that the court improperly dismissed petitioner's ineffective assistance claim based on the doctrine of procedural default; and (2) that the court incorrectly applied the prejudice standard set forth in Strickland v. Washington, 466 U.S. 668 (1984) rather than the standard from Hill v. Lockhart, 474 U.S. 52, 59 (1985).  With respect to petitioner's procedural default claim, the court clearly stated in its prior Order that an ineffective assistance claim is properly raised for the first time in a § 2255 motion and that such claim "is not required to meet the Frady 'cause and actual prejudice' test" (Jan 20, 2006 Order 7).  The court did not apply the Frady test nor the doctrine of procedural default to petitioner's ineffective assistance claim.  Rather, the court found that petitioner failed to meet both prongs of the modified Strickland test; therefore, the court correctly applied the law.  As to petitioner's claim that the Strickland test as modified by Hill was not applied, first, even if the court misapplied the prejudice prong such error would be harmless as the court also found that the deficient conduct prong of the Strickland test was not established (Jan 20, 2006 Order 19).  Second, petitioner is mistaken with respect to the court's analysis of the prejudice prong as the court concluded, citing Hill, "that petitioner would not have persisted in his not guilty plea even with 'perfect' legal advice and therefore, petitioner was not prejudiced" (Jan 20, 2006 Order 20).

The remainder of the claims set forth in petitioner's Rule 59(e) motion and motion to amend his Rule 59(e) motion either present new arguments not presented in his original § 2255 motion, or rehash and supplement petitioner's previous contentions.  For example, petitioner now

3

alleges that he is actually innocent,[1] raises the new argument that the court failed to conduct a proper plea colloquy,[2] and rehashes at great length his claim that his plea was involuntary based both on misconduct by the government and ineffective assistance of counsel.  As to petitioner's new arguments, this court lacks jurisdiction to consider such claims because they represent successive claims pursuant to § 2255.  As to petitioner's attempt to revisit previous claims, such as governmental misconduct and his claim under United States v. Booker, 543 U.S. 220 (2005), the court declines to address these cumulative arguments which merely seek an additional opportunity to sway the court.

As a result, for the reasons explained in detail in the court's January 20, 2006 Order and pursuant to the discussion above, the court finds that the denial of petitioner's § 2255 motion was in accord with the relevant facts and controlling law.  The court has reviewed and reevaluated its order of January 20, 2006, and finds that there is no need to alter the court's prior judgment denying petitioner's § 2255 motion.  Accordingly, both of petitioner's motions seeking relief pursuant to Rule 59(e) are **DENIED**.

---

[1] The court notes that petitioner previously alleged actual innocence in a document filed on November 21, 2005.  However, as this court stated in its January 20, 2006 Order, such contention was not part of petitioner's original § 2255 motion and therefore is barred as a "successive" claim for relief pursuant to 28 U.S.C. § 2255 (Jan 20, 2006 Order 4 n.2).

[2] Although the court lacks jurisdiction to consider petitioner's challenge to the plea colloquy, the court notes that petitioner's newly asserted reliance on the importance of the plea colloquy grossly conflicts with petitioner's previous arguments.  Petitioner states in his Rule 59(e) motion that the plea colloquy is "of utmost importance in determining if the defendant understands the gravity of the consequences of his plea" (Rule 59(e) motion 9).  In contrast, petitioner has repeatedly argued, including in the motions presently under review, that petitioner thought he was facing only five years incarceration even though during the plea colloquy, a proceeding of "utmost importance" in determining if Mr. Moore "understood the gravity of the consequences of his plea," he stated, under oath, that he understood that the mandatory minimum was ten years imprisonment and the maximum was life.  He also stated, under oath, that he read and understood the plea agreement which listed the same penalty.

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner, to the petitioner's trial counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March  23 , 2006

5